## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLE, INC.,<br>a California corporation, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | C.A. No. 1:08-cv-00283-GMS |
| ATICO INTERNATIONAL USA,<br>INC., a Delaware corporation, and<br>NEW ATICO INTERNATIONAL<br>LIMITED CORP., a Delaware<br>corporation,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | **JURY TRIAL DEMANDED** |

### DEFENDANTS' ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants Atico International USA, Inc. ("Atico USA") and New Atico International Limited Corp. ("New Atico") (collectively "the Defendants"), by way of Answer to the Complaint for Patent Infringement, Trademark Infringement And Unfair Competition ("the Complaint") of Apple, Inc. ("Apple"), state as follows (with numbering corresponding to Plaintiff's allegations):

### INTRODUCTION

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore deny same. Paragraph 1 also contains conclusions of law and not averments of fact to which an answer is required, but, insofar as an answer may be deemed required, Defendants deny same.

**PARTIES**

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore deny same.

3.    Defendants admit that Atico International USA, Inc. and New Atico International Limited Corporation are Delaware corporations, and that they each have a place of business at 501 Andrews Avenue, Fort Lauderdale, FL 33301.

**JURISDICTION AND VENUE**

4.    Paragraph 4 contains conclusions of law and not averments of fact to which an answer is required, but, insofar as an answer may be deemed required, Defendants admit that, based on the allegations in the Complaint, this Court likely has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338 and/or 15 U.S.C. § 1121.

5.    Paragraph 5 contains conclusions of law and not averments of fact to which an answer is required, but, insofar as an answer may be deemed required, Defendants admit that they have done business in this judicial district.  Defendants deny the remaining factual averments.

**FACTUAL ALLEGATIONS**

6.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore deny same.

7.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore deny same.

8.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore deny same.

9.      Atico USA admits only that it has facilitated the acquisition of various accessory products that are compatible with MP3 players, such as Apple's iPod® products, including products branded under the "Living Solutions" label.  New Atico admits only that it has sourced and/or sold one accessory product that is for use with an Apple's iPod® product.  These products are typically sold online and in stores by third parties, such as Walgreens.  Defendants deny the remaining allegations in paragraph 9.

10.     Paragraph 10 contains conclusions of law and not averments of fact to which an answer is required, but, insofar as an answer may be deemed required, Defendants deny same.  Defendants admit that they are not participants in Apple's "Made for iPod®" licensing program, but deny all remaining factual averments in paragraph 10.

### FIRST CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 7,305,506)

11.     Defendants repeat and reallege, as though set forth in full, paragraphs 1 through 10 set forth above.

12.     Defendants admit that United States Patent No. 7,305,506 ("the '506 patent") appears to be attached as Exhibit A to the Complaint and appears on its face to have issued on December 4, 2007.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore deny same.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

## SECOND CLAIM FOR RELIEF
(Infringement of U.S. Patent No. D551,212)

17.    Defendants repeat and reallege, as though set forth in full, paragraphs 1 through 10 set forth above.

18.    Defendants admit that United States Patent No. D551,212 ("the '212 patent") appears to be attached as Exhibit B to the Complaint and appears on its face to have issued on September 18, 2007. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore deny same.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

## THIRD CLAIM FOR RELIEF
(Infringement of U.S. Patent No. D551,213)

23.    Defendants repeat and reallege, as though set forth in full, paragraphs 1 through 10 set forth above.

24.    Defendants admit that United States Patent No. D551,213 ("the '213 patent") appears to be attached as Exhibit C to the Complaint and appears on its face to have issued on September 18, 2007. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore deny same.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

### FOURTH CLAIM FOR RELIEF
(Infringement of U.S. Patent No. D552,085)

29.    Defendants repeat and reallege, as though set forth in full, paragraphs 1 through 10 set forth above.

30.    Defendants admit that United States Patent No. D552,085("the '085 patent") appears to be attached as Exhibit D to the Complaint and appears on its face to have issued on September 18, 2007. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore deny same.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

### FIFTH CLAIM FOR RELIEF
(Infringement of U.S. Patent No. D558,738)

35.    Defendants repeat and reallege, as though set forth in full, paragraphs 1 through 10 set forth above.

36.    Defendants admit that United States Patent No. D558,738 ("the '738 patent") appears to be attached as Exhibit E to the Complaint and appears on its face to have issued on September 18, 2007. Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore deny same.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

## SIXTH CLAIM FOR RELIEF
(Trademark Infringement)

41.    Defendants repeat and reallege, as though set forth in full, paragraphs 1 through 10 set forth above.

42.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore deny same.

43.    Atico USA admits that certain trademarks may have been used in connection with the Living Solutions products, but deny that such use constitutes trademark infringement and/or requires permission of Apple.  Defendants deny all remaining factual averments in paragraph 43.

44.    Denied.

45.    Denied.

46.    Denied.

## SEVENTH CLAIM FOR RELIEF
(Unfair Competition Under Federal Law)

47.    Defendants repeat and reallege, as though set forth in full, paragraphs 1 through 10 and 42 through 46 set forth above.

6

48.     Denied.

49.     Denied.

50.     Denied.

## STATEMENT OF DEFENSES

51.     Defendants submit that claims of the '506, '212, 213, '085, and/or '738 patents are invalid under one or more provisions of Title 35, United States Code, including, without limitation, §§ 102, 103, and/or 112 thereof.

52.     Defendants have not committed any act that would give rise to liability for infringement of any valid claim of the '506, '212, 213, '085, and '738 patents because no product made, used, offered for sale, sold, or imported by Defendants comes within the scope of any properly construed, valid, enforceable claim of the '506, '212, 213, '085, and '738 patents.

53.     Any use by Defendants of the alleged intellectual property of Apple, including its alleged trademark rights, is a fair use exempted from any claims of infringement under the Lanham Act, or otherwise.

54.     Defendants submit that the trademark rights asserted in the Complaint are invalid for failure to satisfy the requirements of Title 15 of the U.S. Code and/or applicable rules and regulations.

55.     Defendants have not committed any acts that are unlawful, unfair, fraudulent, deceptive, untrue, and/or misleading under 15 U.S.C. § 1125(a).

56.     The Living Solutions products are not likely to be confused with any valid, enforceable trademark rights asserted by Apple.

57.     The Living Solutions products do not unfairly connote affiliation, connection, or association with Apple.

58.     Apple's claims and damages are barred and/or limited on the grounds of laches and/or equitable estoppel.

59.     Defendants  reserve the right to offer additional defenses that cannot now be articulated due to Apple's failure to particularize its claims and/or the need for further discovery regarding Apple's claims.

*        *        *

Defendants deny that the Plaintiff is entitled to any of its prayers for relief. Further, all allegations of the Complaint not previously expressly admitted or denied are hereby denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

For a judicial determination and declaration that the claims of the '506, '212, 213, '085, and/or '738 patents are invalid;

For a judicial determination and declaration that Defendants have not performed any action that infringes any valid and enforceable claim of the '506, '212, 213, '085, and '738 patents;

For a judicial determination and declaration that Defendants have not performed any action that infringes any valid and enforceable trademark right owned by Apple;

For a judicial determination and declaration that Defendants have not performed any action that constitutes a violation of the Lanham Act, including 15 U.S.C. §§ 1114 and 1125(a).

For a judicial determination that the relief sought by Plaintiff be denied in its entirety;

That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that this Court award Defendants the costs of this action, including reasonable attorneys' fees and litigation expenses;

That this case be declared exceptional pursuant to 15 U.S.C. § 1117(a) and that this Court award Defendants the costs of this action, including reasonable attorneys' fees and litigation expenses; and

For such other and further relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial in the above-captioned action in all matters that may be tried by jury.

CONNOLLY BOVE LODGE & HUTZ LLP

_____/s/ Collins J. Seitz, Jr._____
Collins J. Seitz, Jr. (#2237)
cseitz@cblh.com
Kevin F. Brady (#2248)
kbrady@cblh.com
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
302-658-9141

OF COUNSEL:

Floyd B. Chapman
FChapman@wileyrein.com
Robert J. Scheffel
RScheffel@wileyrein.com
Kevin Anderson
KAnderson@wileyrein.com
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
202-719-7308

DATED: July 8, 2008

*Attorneys for Defendants, Atico International USA, Inc., and New Atico International Limited Corporation*

**CERTIFICATE OF SERVICE**

I, Collins J. Seitz, Jr., hereby certify that on July 8, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to registered counsel of record via e-mail.


/s/ Collins J. Seitz, Jr.
Collins J. Seitz, Jr. (Bar No. 2237)
cseitz@cblh.com